Samuel A. McCLOUD, petitioner,
Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C0–83–269.

Supreme Court of Minnesota.

June 8, 1984.

Rehearing Denied July 6, 1984.

Samuel A. McCloud, Minneapolis, pro se.

Hubert H. Humphrey, Atty. Gen., Norman B. Coleman Jr., Joel Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

TODD, Justice.

Samuel A. McCloud was charged and convicted of five traffic violations. The violations occurred within a 12-month period but the convictions were spread out over a 23-month period. A statute provides that petty misdemeanors shall become misdemeanors if preceded by two or more petty misdemeanor convictions within a 12-month

period. The certificates of conviction in all but one of the violations do not disclose the nature of the conviction. Based on this report the Commissioner of Public Safety revoked McCloud's license. McCloud then petitioned the Hennepin County district court for reinstatement of driving privileges, but was denied relief. We reverse.

The facts are not in dispute. McCloud was charged and convicted of the following traffic offenses:

| | Charge | Date of Offense | Date of Conviction |
|---|---|---|---|
| 1. | Speeding | September 4, 1980 | October 8, 1980 |
| 2. | Speeding | February 1, 1981 | June 22, 1981 |
| 3. | Failure to Stop for Stop Sign | February 17, 1981 | December 21, 1981 |
| 4. | Speeding | March 10, 1981 | September 16, 1982 |
| 5. | Speeding | July 3, 1981 | July 9, 1981 |

The first offense occurred in Rice County, Minnesota. The certificate of conviction uses the form provided by the Department of Public Safety. This form conforms to the requirements of Minn.Stat. § 169.95 (1982) which provides in pertinent part:

> Within ten days after the conviction or forfeiture of bail of a person upon a charge of violating any provisions of this chapter or other law, or city ordinance, regulating the operation of vehicles on highways, every magistrate of the court, or clerk of the court of record in which such conviction was had or bail was forfeited, shall prepare and immediately forward to the department of public safety an abstract of the record of the court covering the case in which the person was so convicted or forfeited bail, which abstract must be certified by the person so required to prepare the same to be true and correct.

> The abstract must be made upon a form furnished by the department of public safety, and *shall include the name and address of the party charged, the driver's license number of the person involved, the nature of the offense, the date of hearing, the plea, the judgment, or whether bail forfeited, and the amount of the fine or forfeiture, as the case may be.*

Minn.Stat. § 169.95 (1982) (emphasis added).

The report from Rice County indicated that the charge was reduced and McCloud pled guilty to operating a vehicle with unsafe equipment. The matter was processed as a petty misdemeanor and a fine of $10 was paid. There were no recommendations by the trial court.

In contrast, the remaining four convictions occurred in Hennepin County which was not using the state-approved form of certificate of conviction. Rather, a computer printout entitled "Certificate of Conviction" was forwarded to the commissioner. This document gives pertinent information about the defendant but does not detail the disposition of the case as required by statute.

Thus we are unable to determine the nature of the charges against McCloud. This is important because of applicable statutory provisions. Minn.Stat. § 171.-17(6) (1982) provides:

> The department shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses:

> \* \* \* \* \* \*

> (6) Except as this section otherwise provides, conviction, plea of guilty, or forfeiture of bail not vacated, upon three charges of violating, within a period of 12 months any of the provisions of chapter 169, or of the rules, regulations, or municipal ordinances enacted in conformance therewith for which the accused may be punished upon conviction by imprisonment.

Minn.Stat. § 169.89 (1982) provides, in relevant part:

> Subdivision 1. Unless otherwise declared in this chapter with respect to particular offenses, it is a petty misdemeanor for any person to do any act

forbidden or fail to perform any act required by this chapter; except that: (a) a violation which is committed in a manner or under circumstances so as to endanger or be likely to endanger any person or property; or (b) exclusive of violations relating to the standing or parking of an unattended vehicle, a violation of any of the provisions of this chapter, classified therein as a petty misdemeanor, when preceded by two or more petty misdemeanor convictions within the immediate preceding 12 months period; is a misdemeanor to which the provisions of subdivision 2 shall not apply.

Subd. 2. A person charged with a petty misdemeanor is not entitled to a jury trial but shall be tried by a judge without a jury. If convicted, he is not subject to imprisonment but shall be punished by a fine of not more than $100.

The impact of these sections read together is that a conviction punishable by imprisonment is necessary to trigger § 171.17(6). A petty misdemeanor is not punishable by imprisonment. Therefore, before the commissioner can revoke a license he must know whether the individual was convicted of a misdemeanor or a petty misdemeanor.

The important section in this case is § 169.89, subd. 1(b). Under that section a petty misdemeanor is changed to a misdemeanor if preceded by two or more petty misdemeanor *convictions* within a 12-month period. The order of convictions in this case is 1–2–5–3–4. Thus, on July 3, 1981, when McCloud was charged with speeding, he had two prior petty misdemeanor convictions within a 12-month period, namely the October 8, 1980 conviction in Rice County and the June 22, 1981 conviction in Hennepin County. Therefore, McCloud should have been charged with a misdemeanor. However, the certificate of conviction from Hennepin County fails to disclose the nature of the charge or the nature of the conviction. It is pure speculation to attempt to discern if McCloud was charged with a misdemeanor, or if so charged was convicted of a misdemeanor or a petty misdemeanor. The same problem

exists with the December 21, 1981 and the September 16, 1982 convictions.

In order to invoke the sanctions of Minn. Stat. § 171.17(6) the commissioner must find that McCloud has been convicted of these offenses, which offenses occurred within a 12-month period.

The commissioner takes the position that the record was adequate to support the revocation, which is just another way of saying that the revocation was valid even if petitioner never was actually prosecuted as a misdemeanant. The commissioner's argument basically is that the legislature could not have intended the result that McCloud urges, that whether he was prosecuted as a misdemeanant for the third, fourth, and fifth offenses does not really matter in applying section 171.17(6), that the commissioner's interpretation of the legislature's intent is long-standing, and that it is only fair that McCloud's license was revoked, given the fact that under the former law it would have been revoked much earlier.

Before 1971 all violations of chapter 169 were at least misdemeanors. *See* Minn. Stat. § 169.89 (1969). Minn.Stat. § 171.-17(6) (1969) directed the commissioner to revoke the license of any driver upon receiving a record of the driver's conviction of "three charges of careless or reckless driving, or illegal speeding committed within a period of 12 months." However, the courts apparently were having difficulty handling all the demands for jury trials. In order to reduce the strain on the court system, the legislature in 1971 made most violations of chapter 169 petty misdemeanors and changed the language of section 171.17. Before the amendments a driver had a right to a jury trial in a prosecution for any violation of chapter 169 and his license could be revoked for speeding, careless driving or reckless driving only if he had three such convictions based on conduct committed within a 12-month period. Now a driver charged with speeding or failing to stop (or a similar offense) generally is not entitled to a jury trial because those offenses are petty misdemeanors, but a driver who commits a third such offense within 12 months of his conviction of two such offenses can be prosecuted as a mis-

demeanant, in which case he is entitled to a jury trial.

 Generally, the only way we can know the legislature's intent is by looking at the statutes that the legislature passes. Whether or not it was fair to revoke petitioner's license depends on whether the statutes authorized it, not on whether his license could have been revoked much earlier under the old law. The fact that the commissioner's interpretation of the law is long-standing might have some significance if the statutes are not clear. But if the statutes do not support the commissioner's interpretation, this argument is weak, particularly where the commissioner's interpretation has not been challenged before.

Section 171.17(6) directs the commissioner to revoke a driver's license upon receiving a record indicating that the driver has been convicted of "three charges of violating, within a period of 12 months any of the provisions of Chapter 169 [traffic offenses], * * * for which the accused may be punished upon conviction by imprisonment." Section 169.89, subd. 1, provides that most traffic offenses are petty misdemeanors. The statute provides that a traffic offense "is" a misdemeanor if it is committed within 12 months of a driver's conviction of two other petty misdemeanor convictions. But a person who commits a third (or fourth or fifth) such offense may be incarcerated under § 169.89 only if he is prosecuted as a misdemeanant, that is, given a right to a jury trial. The three-conviction provision of section 171.17(6) applies only to offenses for which the accused *may be incarcerated.* Since a driver may not be incarcerated for a third (or fourth or fifth) petty misdemeanor if he is not prosecuted as a misdemeanant, section 171.17(6) cannot be relied upon to justify the revocation of petitioner's license unless he was prosecuted as a misdemeanant on each of the three occasions. The record on which the commissioner relied failed to establish that McCloud indeed was prosecuted as a misdemeanant on any of the three occasions in question.

An argument can be made that the legislature intended that the commissioner could treat petty misdemeanors as misdemeanors for purposes of revocation of license. We agree. However, revocation has serious consequences and if the legislature intends such a result it should clearly so state. The commissioner is not without power to act. Under Minn.Stat. § 171.18(4) McCloud's license could have been suspended as a habitual violator. Either by suspension or revocation McCloud would be deprived of his license. The difference is that under suspension, reinstatement of the driver's license is automatic, whereas, under revocation, the driver must petition for reinstatement. This involves retesting and other requirements. If the commissioner is to invoke his revocation power rather than his suspension power, it should be accomplished by strict adherence to the statutory procedures.

We reverse.